IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BALJIT KAUR

     Plaintiff,

  v.

ETS SERVICES,LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., HOMEQ SERVICING, and DOES 1 through 50,

     Defendants.
_____/

Case No. 2:09-cv-01497-JAM-EFB

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

This matter comes before the Court on Defendants' Mortgage Electronic Registration Systems, Inc. and Barclays Capital Real Estate Inc., dba Homeq Servicing,(collectively "Defendants") Motion to Dismiss Plaintiff Baljit Kaur's ("Plaintiff's") First Amended Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendants' Motion to Strike. Plaintiff opposes both of these motions. For the

reasons set forth below, Defendant's Motion to Dismiss the First Amended Complaint is GRANTED.[1]

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed her original Complaint on March 2, 2009, in Solano County Superior Court, alleging five causes of action based on state and federal law, related to the foreclosure of a property located at 1121 Ironwood Circle, Fairfield, CA 94533. ("Subject property") See Complaint, Docket #1, Exh. A. The action was removed to this Court on June 1, 2009. Notice of Removal, Docket #1. Defendants filed a Motion to Dismiss, and a Motion to Strike.

Plaintiff then filed her First Amended Complaint ("FAC") on July 13, 2009. This rendered Defendants' previous Motion to Dismiss and Motion to Strike moot. Minute Order, Docket # 10. In response to the FAC, on July 15, 2009, Defendants filed the present Motions.

Plaintiff purchased the subject property on February 9, 2005. In purchasing the property, Plaintiff obtained a loan from Defendant Homeq Servicing Corporation. In March 2008, Plaintiff stopped making her mortgage payments. Accordingly, on or about June 16, 2008, Defendants caused ETS Services ("ETS") to record

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h). Plaintiff's application to allow late filing of the Opposition is granted and the arguments contained therein have been considered by the Court.

a Notice of Default. Plaintiff failed to cure the default, and on November 6, 2008, ETS issued and consequently recorded a Notice of Trustees Sale. Plaintiff did not tender the amount of the loan and, therefore, on December 4, 2008 a trustee's sale was held and the subject property was sold. Thereafter, on February 23, 2009, Plaintiff filed a Chapter 13 Bankruptcy petition. Plaintiff's petition was dismissed on April 3, 2009, and the case was terminated on June 16, 2009. On April 21, 2009 Plaintiff filed another bankruptcy petition which was converted from a Chapter 13 to a Chapter 7 petition on May 28, 2009. Accordingly, at the time Plaintiff filed the FAC her bankruptcy petition was still pending.

## II.   OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Sheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Sherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption

of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F. 2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F. 3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Accordingly, a court should grant leave to amend the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

B. Standing

A dismissal for lack of standing is a subspecies of dismissal for failure to state a claim under the Federal Rules of Civil Procedure 12(b)(6). In re Saylor, 178 B.R. 209, 215 (9th Cir. BAP 1995), aff'd, 108 F.3d 219 (9th Cir.1997). In

Chapter 7 bankruptcy, a debtor cannot pursue a claim involving the bankruptcy estate unless the trustee has abandoned it. <u>In Re Stoll</u>, 252 B.R. 492, 495 (9th Cir BAP 1995). "The filing of a bankruptcy petition "creates an estate [which] is comprised of ... all legal or equitable interest of the debtor in property as of the commencement of the case. The scope of section 541 is broad, and includes causes of action. Lawsuits remain part of the bankruptcy estate unless the bankruptcy trustee abandons them." <u>Griffin v. Allstate Ins.Co.</u>, 920 F. Supp. 127, 130 (C.D. Cal 1996) (internal citations omitted).

  Plaintiff does not deny that she is in bankruptcy proceedings, and does not allege that the trustee has abandoned the claim. However, she does argue that her case could continue under the provinces of the bankruptcy trustee. Federal Rule of Civil Procedure 17(a) requires every action be prosecuted in the name of the real party in interest. "Because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the suits that belong to the estate." <u>Griffin</u> at 130.  However, Rule 17(a)(3) states that, "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join or be substituted into the action." Accordingly, because Plaintiff is in bankruptcy proceedings, she is not the real

party in interest and lacks standing to prosecute the case.[2] Pursuant to Rule 17(a)(3),Plaintiff has 30 days to have the trustee substituted into the action.

## III. ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED without prejudice.

IT IS SO ORDERED.

Dated: September 23, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] The Court need not consider Defendants' remaining grounds in support of their Motion to Dismiss or Defendants' Motion to Strike, given that Plaintiff lacks standing to prosecute this action.